AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br><br>Silvestre Eleazar ACOSTA-Flores<br><br>*Defendant(s)* | Case No: 25-982 MJ |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of <u>April 26, 2025</u> in the county of <u>Dona Ana</u> in the <u>State and</u> District of <u>New Mexico</u>, the defendant violated <u>50, 8, 18</u> U.S.C. § <u>797(Penalty for Violations of Security Regulations and Orders), 1325(a)(1)(EWI Misdemeanor), 1382(Entry of Military Property</u> an offense described as follows:

On April 15, 2025, the Department of Interior transferred Federal lands including the 60-foot strip of land contiguous to and parallel with the international border between the United States and Mexico (the "Roosevelt Reservation") in Dona Ana, Luna and Hidalgo Counties in New Mexico to the jurisdiction of the Department of the Army. See Public Land Order No. 7963. On April 18, 2025, the Secretary of the Army assigned the above-described Federal lands to United States Army Garrison Fort Huachuca for use as National Defense Areas. U.S. Army General Order No. 2025-10.

This criminal complaint is based on these facts:
On April 26, 2025 when DEFENDANT Silvestre Eleazar ACOSTA-Flores was apprehended by U.S. Border Patrol, DEFENDANT did not have authorized access from the U.S. Army to enter the NM National Defense Areas. Signs have been posted along the NM National Defense Areas stating in both English and Spanish that this is a restricted area, and that unauthorized entry is prohibited.

Based on the location of DEFENDANT's apprehension by U.S. Border Patrol, the DEFENDANT illegally crossed the international border with Mexico into the United States through the NM National Defense Areas.

☒ Continued on the attached sheet.

*Complainant's signature*

Daniel Calzada, Agent
*Printed name and title*

Sworn to before me and ~~signed in my presence~~ *via phone*.

Date: April 30, 2025

City and state: Las Cruces, N.M.

Gregory J. Fouratt, United States Magistrate Judge
*Printed name and title*

CONTINUATION OF CRIMINAL COMPLAINT

## STATE AND DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

V.

Silvestre Eleazar ACOSTA-Flores

**Continuation of Statement of Facts:**
Further DEFENDANT was apprehended in an area with posted signs prohibiting unauthorized entry within 100 yards/ meters of Defendant's illegal entry from Mexico.

On 04/26/2025 date, U.S. Border Patrol provided DEFENDANT with a written notice in Spanish that any unauthorized entry into this restricted area was prohibited and subject to federal prosecution. On April 26, 2025, DEFENDANT subsequently was apprehended by U.S. Border Patrol after entering the restricted area.

The Defendant further admitted that after crossing into the United States, he observed and read the posted signs prohibiting unauthorized access.
The term "Department of Defense property" means property subject to the administration or in the custody of the Department of Defense. On April 15, 2025, the Department of Interior transferred Federal lands including the approximately 60-foot strip of land contiguous to and parallel with the international border between the United States and Mexico (the "Roosevelt Reservation") in Dona Ana, Luna and Hidalgo Counties in New Mexico to the jurisdiction of the Department of the Army. See Public Land Order No. 7963. On April 18, 2025, the Secretary of the Army assigned the above-described Federal lands to United States Army Garrison Fort Huachuca for use as National Defense Areas (hereinafter NM National Defense Areas). U.S. Army General Order No. 2025-10. On April 18, 2025, the military commander at Fort Huachuca issued a security regulation designating the NM National Defense Areas as both a restricted area and a controlled area under Army Regulation 190-13 prohibiting the unauthorized entry into the National Defense Areas.

On April 26, 2025, when illegally entering the United States from Mexico in Dona Ana County, New Mexico, Defendant Silvestre Eleazar ACOSTA-Flores willfully violated the security regulation prohibiting unauthorized entry of property subject to the administration or in the custody of Fort Huachuca by his unauthorized entry into the NM National Defense Areas. In the location in which Defendant Silvestre Eleazar ACOSTA-Flores illegally crossed into the United States from Mexico, signs were posted and visible along the NM National Defense Areas stating in both English and Spanish that this is a restricted area and that unauthorized entry is prohibited.
On April 26, 2025, Border Patrol Agents from the Santa Teresa, New Mexico Border Patrol Station encountered the defendant in Dona Ana County, New Mexico. The defendant was questioned as to his citizenship to which he stated that he was a citizen and national of Mexico, illegally present in the United States. Agents determined the defendant illegally crossed the boundary between the United States and Mexico on April 26, 2025, approximately seven miles east of the Santa Teresa, New Mexico Port of Entry. The defendant did not present himself through a lawful Port of Entry; therefore, he was not admitted or paroled by an Immigration Officer. east of the Santa Teresa, New Mexico Port of Entry. The defendant did not present himself through a lawful Port of Entry; therefore, he was not admitted or paroled by an Immigration Officer.

**Continuation of Statutory Language:**
On April 18, 2025, the military commander at Fort Huachuca designated the above-described area (hereinafter NM National Defense Areas) as a Controlled Area as defined in Army Regulation 190-13. In chapter 6, AR 190-13 provides: "Army installations are restricted areas. At a minimum, the type of restriction is the controlled level." AR 190-13 also defines "controlled area" as a "type of restricted area in which access to the general public is denied, unless certain entry

controls are met," and "restricted area" as an "area defined by an established boundary to prevent admission, unless certain conditions or controls are met, to safeguard the personnel, property, or material within."
Title 50 United States Code 797 prohibits the willful violation of any defense property security regulation. Section 797 defines a "defense property security regulation" as a property security regulation that pursuant to lawful authority (a)(2)(A) shall be or has been promulgated or approved by the Secretary of Defense (or by a military commander designated by the Secretary of Defense or by a military officer, or a civilian officer or employee of the Department of Defense, holding a senior Department of Defense director position designated by the Secretary of Defense) for the protection or security of Department of Defense property"
(a)(3)(A) relating to . . .the ingress thereto or egress or removal of persons therefrom.
entered and attempted to enter the United States at a time and place other than as designated by Immigration Officers

_____
Signature of Judicial Officer

_____
Signature of Complainant

Calzada, Daniel
Filing Agent